IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**DDB WORLDWIDE COMMUNICATIONS GROUP INC.,**

**Plaintiff,**

**v.**

**DDB SPECIALTY ADVERTISING GROUP INC., ET AL.**

**Defendants.**

Civil No. 15-2005 (GAG)

## OPINION AND ORDER

DDB Worldwide Communications Group Inc. ("DDB") ("Plaintiff") filed a Complaint in this case against DDB Specialty Advertising Group Inc. ("DDB Specialty") and Edgardo Rodriguez Suazo ("Rodriguez") (collectively "Defendants") on July 24, 2015 alleging federal and common law violations of Plaintiff's trademark rights. (See Docket Nos. 1; 2.) Upon motion by Plaintiff and because Defendants failed to plead or file an answer to the complaint or in any way appear in the above-mentioned case, the Clerk of this Court entered default against Defendants on September 17, 2015. (Docket No. 12.)

Presently before the Court is Plaintiff's Motion for Default Judgment at Docket No. 14. Plaintiff seeks injunctive relief and attorneys' fees and costs against Defendants.[1] Id. at 12-13. After reviewing the submissions and the pertinent law, the court **GRANTS** Plaintiff's Motion for Default Judgment, and refers the issue of attorneys' fees and costs to Magistrate Judge Silvia Carreño-Coll for Report and Recommendation.

---

[1] In the Complaint, Plaintiff requested relief in the form of injunctive relief, monetary damages ("in an amount not yet ascertained but believed to exceed $100,000"), and attorneys' cost and fees. (See Docket No. 2 at 17-18.) However, in its Motion for Default Judgment, Plaintiff only requests injunctive relief and attorneys' costs and fees, without any demand for damages. (See Docket No. 14 at 12-13.)

**Civil No. 15-2005 (GAG)**

### I.   Relevant Factual Background

In its Complaint, Plaintiff alleges: (1) federal service trademark infringement under 15 U.S.C. § 1114(1)(a) and (b); (2) unfair competition by false designation of origin by trade name and service mark infringement under 15 U.S.C. § 1125(a); (3) cyberpiracy and domain name infringement under 15 U.S.C. § 1125(d); (4) trademark infringement in violation of the trademark act of the Commonwealth of Puerto Rico under P.R. LAWS. ANN. tit. 10, §§ 223 et seq.; (5) unfair competition by false designation by false designation of origin by trade name and service mark infringement under P.R. LAWS. ANN. tit. 10, § 223x; and (6) cyberpiracy and domain name infringement under P.R. LAWS. ANN. tit. 10, § 223z. (Docket No. 2 at 10-17.)

Plaintiff DDB is an advertising agency located in New York that provides marketing, communication and advertising services worldwide. Id. ¶ 5. Plaintiff is the owner of the following mark registrations, all of which incorporate the "DDB" mark in connection with advertising, marketing and promotion services worldwide: 2607757, 3925846, 2772840, 4108981, 3661509, 3768119, 3941448. Id. ¶¶ 11-12. Specifically registrations 2607757 for "DDB" and 2772840 for "DDB Worldwide" are incontestable under 15 U.S.C. § 1065, constituting conclusive proof of Plaintiff's superior right to use the DDB mark in commerce. Id. ¶ 13. Plaintiff also owns Puerto Rico service mark registration number 200,932 for DDB for use in connection with advertising and publicity services. Id. ¶ 14.

Plaintiff alleges Defendant DDB Specialty is a Puerto Rico corporation dedicated to the business of selling promotional and advertising items. Id. ¶¶ 6, 19. Defendant Rodriguez is the owner and CEO of DDB Specialty. Id. ¶ 7. Plaintiff claims that DDB Specialty has been unlawfully using the DDB name without Plaintiff's permission since its incorporation in Puerto Rico on February 24, 2010. Id. ¶¶ 16-17, 23. Plaintiff also alleges DDB Specialty uses the DDB

**Civil No. 15-2005 (GAG)**

name on its web site, e-mail address, social media, Facebook, and in relation to advertising in its promotional items. Id. ¶¶ 19-20.

Plaintiff asserts that on June 2, 2015, DDB noticed Defendants of their acts of infringement and asked Defendants to discontinue their use of the DDB name. Id. ¶ 24. Defendants expressly refused to discontinue their use of the DDB name, unless in return for a payment. Id. ¶ 27. Defendants' website www.ddbpromo.com was eventually turned off, but Defendants continued to use the DDB name on social media, and in other promotional goods and services. Id. ¶¶ 25-28. DDB has not confirmed whether they have stopped and discontinued the use of the DDB name, or amended its articles of incorporation. Id. ¶¶ 26-29. It is Plaintiff's belief that Defendants continue to use and trade the DDB name.[2] Id. ¶ 30.

## II. Standard of Review

After a default has been entered against a defendant for his failure to plead or file an answer to the complaint or otherwise appear in a case, Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter a default judgment. FED. R. CIV. P. 55(b)(2); see also FED. R. CIV. P. 55(a). An entry of default "constitutes an admission of all facts well-pleaded in the complaint" and precludes a defendant from contesting those factual allegations. Metropolitan Life Ins. Co. v. Colon-Rivera, 204 F. Supp. 2d 273, 274-75 (D.P.R. 2002). In assessing whether to grant a default

---

[2] As discussed below (II.), the Court deems admitted every-well pleaded allegation in the complaint. Metropolitan Life Ins. Co. v. Colon-Rivera, 204 F. Supp. 2d 273, 274-75 (D.P.R. 2002). In its Motion for Default Judgment at Docket No. 14, Plaintiff has added several facts that were not part of the factual allegations in its Complaint seemingly because these facts occurred after the filing of the Complaint. For example, Plaintiff now added that on September 15, 2015, Defendants amended their corporate name from DDB Specialty Advertising Group, Inc. to DBE Specialty Advertising Group, Inc. (Docket No. 14 ¶ 28.) Plaintiff provided an exhibit titled "Certificado de Enmienda" as reference to the fact, but has not submitted a certified translation as required by Local Rule 5(g). (Docket No. 14-12.); see L.CV.R. 5(g). While these newly-added facts are not necessary to the Court's analysis in regards to injunctive relief, the Court expects them to be relevant to the analysis of whether Plaintiff is entitled to attorneys' fees, an issue that has been referred to Magistrate Judge Silvia Carreño-Coll for Report and Recommendation. As such, Plaintiff is ordered on or before February 19, 2016, to submit Certified Translations of all Spanish exhibits submitted at Docket No. 14.

**Civil No. 15-2005 (GAG)**

judgment, the court may "examine a plaintiff's complaint to determine whether it alleges a cause of action." Quirindongo-Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992).

### III. Discussion

Under the Lanham Act, Plaintiff must prove that (1) DDB's trademarks are "entitled to trademark protection" and that (2) "the allegedly infringing use is likely to cause consumer confusion." Bos. Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 12 (1st Cir. 2008). Additionally, as to a federal service mark infringement claim under 15 U.S.C. § 1114, Plaintiff must have a registered trademark. Shell Co., Ltd. v. Los Frailes Serv. Station, Inc., 596 F. Supp. 2d 193, 202 (D.P.R. 2008) ("Section 1114(1)(a) restricts relief to trademark.").

Defendants in this case, by default, admitted that Plaintiff DDB has a valid, registered trademark that remains in full force and effect, and for which Plaintiff is the only rightful owner. (See Docket No. 2 ¶¶ 11-14.)  Because Defendant DBB Specialty is also in the business of advertising, offering, and selling promotional items, Plaintiff's allegations are sufficient to prove that Defendants' use of the DDB name is likely to cause consumer confusion. Id. ¶¶ 5-7, 16-19, 20, 23-24, 26-30.

In the absence of any evidence to set aside an entry of default for "good cause" pursuant to FED. R. CIV. P. 55(c), the Court finds Plaintiff sufficiently alleges fact to support its claims, and is entitled to default judgment.

Plaintiff has requested a permanent injunction against Defendants from using the DDB name in connection with the sale, advertising or promotion of goods and services. (Docket No. 14 at 12-13.)   Plaintiff also requests the Court to order Defendants to amend the articles of incorporation, and to permanently discontinue all use of the DDB mark in connection with any social media or websites. Id.

Case 3:15-cv-02005-GAG-SCC   Document 15   Filed 01/22/16   Page 5 of 6

**Civil No. 15-2005 (GAG)**

The Lanham Act gives district courts the authority to grant injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark." 15 U.S.C. § 1116. In order to grant a permanent injunction, the Court determines whether Plaintiff has shown: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); see also CoxCom, Inc. v. Chaffee, 536 F.3d 101, 112 (1st Cir. 2008).

The First Circuit has held that in trademark cases "the key issue is the likelihood of success on the merits because the other decisions will flow from that ruling." Keds Corp. v. Renee Intern. Trading Corp., 888 F.2d 215, 220 (1st Cir. 1989). As established above, Plaintiff has stated sufficient facts to support its claims, and is entitled to default judgment. Additionally, Plaintiff has alleged enough facts to show Defendants' continuing use of the DDB mark, notwithstanding Plaintiff's demand of immediate discontinuance of all use of the DDB mark by Defendants. Such continuous disregard of Plaintiff's rights justifies an injunction as the adequate remedy in this case. Furthermore, Plaintiff has established the use of the DDB mark has the potential to adversely affect its company, given that both Plaintiff and Defendants are in the business of advertising, marketing and promotion services. An injunction against Defendants would not harm others, and the public interest would be served by stopping further trademark infringement. The balance of equities tips in Plaintiff's favor, and a permanent injunction against Defendants is warranted.

**Civil No. 15-2005 (GAG)**

The Court hereby **GRANTS** Plaintiff's Motion for Default Judgment, and refers the issue of attorneys' fees and costs to Magistrate Judge Silvia Carreño-Coll for Report and Recommendation.  Default Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of January, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

6